UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GATEWAY COMMUNITY HEALTH,

       Plaintiff,                                Case No. 16-12625

v.                                                 Paul D. Borman
                                                       United States District Judge

DETROIT WAYNE MENTAL HEALTH
AUTHORITY,

       Defendant.

_____/

OPINION AND ORDER DENYING DEFENDANT'S MOTION TO STRIKE (ECF NO. 10)

This action was originally filed by Plaintiff Gateway Community Health on July 8, 2016 and removed to this Court on July 14, 2016 based upon federal question jurisdiction. (ECF No. 1.) On August 16, 2016, Defendant Detroit Wayne Mental Health Authority ("DWMHA") filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6). (ECF No. 6.) Rather than file a response to the Motion to Dismiss, Plaintiff filed an Amended Complaint on September 9, 2016 which mooted Defendant's Motion to Dismiss. (ECF No. 9.) Defendant has now moved to Strike the Amended Complaint as untimely pursuant to Federal Rule of Civil Procedure 15. (ECF No. 10.)

The Court will DENY Defendant's Motion to Strike. Plaintiff's Amended Complaint was timely filed pursuant to Federal Rules of Procedure 15(a)(1) and is the operative complaint in this action. Rule 15(a)(1) provides that an amended pleading may be filed as a matter of course within 21 days after service of the original pleading, or within 21 days after service of a 12(b) motion. FED. R. CIV. P. 15(a)(1)(A)-(B). While Plaintiff's Amended Complaint was filed three days after the expiration of the 21 day limitation in Rule 15(a)(1), the Federal Rules of

Civil Procedure also provide for "additional time after certain kinds of service," such that "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." FED. R. CIV. P. 6(d). Here, service was made pursuant to Rule 5(b)(2)(E), "sending it by electronic means," and thus, Plaintiff was entitled to an additional three days to timely file its Amended Complaint. Accordingly, Plaintiff's Amended Complaint, that was filed 24 days after Defendant DWMHA's Motion to Dismiss, was timely filed. The Court notes that effective December 1, 2016 Rule 6(d) will be amended to remove service by electronic means as a mode of service that would allow three additional days to act after being served. *See* FED. R. CIV. P. 6, 2016 Amendment. At this time, however, Plaintiff's Amended Complaint was timely filed as a matter of course under the Federal Rules of Civil Procedure.

For all these reasons, the Court DENIES Defendant's Motion to Strike (ECF No. 10) and provides that DEFENDANT has 21 days from the date of this Order to respond to Plaintiff's Amended Complaint.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 6, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 6, 2016.

s/Deborah Tofil
Case Manager

2